101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
SOMERSET MARINE, INC., a/s/o Central National Gottesman,
Inc., Plaintiff-Appellee,
v.
M/V "Amer SHANTI," M/V "Silver Star," their engines, tackle,
boilers, etc., Massan Shipping Industries Inc.,
Defendants-Appellants,
and
Trevose Shipping Co., Ltd., Defendant.
 No. 95-7825.
 United States Court of Appeals, Second Circuit.
 March 4, 1996.
 
 Appearing for Appellant: Robert E. Anderson, Allendale, New Jersey.
 Appearing for Appellee: Richard F. Salz, Barra & Salz, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before J. DANIEL MAHONEY, JOHN M. WALKER, JR., and GUIDO CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 1. Defendants-appellants M/V "Amer Shanti," M/V "Silver Star," and Massan Shipping Industries Inc. (collectively "Massan") appeal from a judgment entered August 14, 1995 in the United States District Court for the Southern District of New York that found Massan liable for damages under the Carriage of Goods by Sea Act ("COGSA"), 46 App. U.S.C. § 1300 et seq., and awarded $21,360.41 plus interest in damages to plaintiff-appellee Somerset Marine, Inc. ("Somerset"). Somerset is a marine insurance company that insured two lots of kraft linerboard rolls sold by Gaylord Central National, Inc. to Iberoamericana del Embalaje S.A. ("IDESA") and transported by Massan from Mobile, Alabama to Las Palmas in the Canary Islands. After reimbursing IDESA for crushed core damage to thirty-six of the rolls, Somerset, as subrogee, filed this suit against Massan. Following a bench trial, the district court concluded that Somerset had established a prima facie case of carrier liability, which Massan had failed to rebut.
 
 
 4
 2. Under COGSA, the party seeking to recover for damages to goods must prove that the goods were delivered to the carrier in good condition and outturned in a damaged state. Thyssen, Inc. v. S/S Eurounity, 21 F.3d 533, 538 (2d Cir.1994). The plaintiff need not prove fault, but the carrier can escape liability by proving that one of the statutory exceptions from liability provided by COGSA § 4(2), 46 App. U.S.C. § 1304(2), applies. See Thyssen, 21 F.3d at 538.
 
 
 5
 3. The evidence in this case supports the district court's finding that the cores were not crushed when the rolls were delivered to Massan. The fact that the bills of lading signed by the captain of Massan's ships were "clean" (i.e., did not contain damage exceptions) is prima facie evidence that Massan received the rolls in an undamaged state. See COGSA § 3(3), (4), 46 App. U.S.C. § 1303(3), (4); Thyssen, 21 F.3d at 538. With respect to the condition of the rolls at outturn, Massan argues that Somerset failed to prove that the notice requirements of COGSA § 3(6), 46 App. U.S.C. § 1303(6), had been satisfied. However, a failure to give notice of damage at outturn pursuant to § 3(6) simply results in a presumption of good delivery that can be defeated if the plaintiff comes forward with sufficient evidence of damage. Bally, Inc. v. M.V. Zim America, 22 F.3d 65, 71 (2d Cir.1994); Pacific Employers Ins. Co. v. M/V Gloria, 767 F.2d 229, 238-39 (5th Cir.1985). Although the evidence of the rolls' condition at outturn is somewhat inconclusive, we do not think that the district court's finding that the cores were crushed at that juncture was clearly erroneous.
 
 
 6
 4. Having found that the rolls were undamaged when delivered to Massan and crushed at outturn, the district court properly held that Somerset had established a prima facie case of carrier liability. See Thyssen, 21 F.3d at 538. The district court's subsequent conclusion that Massan had failed to prove that it and its agents were free of fault was not clearly erroneous.
 
 
 7
 5. Finally, we have considered Massan's contention that the damages award was improperly calculated, and we find it to be without merit. See Thyssen, 21 F.3d at 540 (measure of damages reviewed for abuse of discretion).